UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:19-CR-00192-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| DUSTIN HAMLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence [Doc. 22] and *pro se* Motion to Evaluate Sentence [Doc. 25]. The United States ("the Government") responded in opposition [Doc. 24]. Thus, the motions are ripe for review. For the reasons provided herein, Defendant's motions [Docs. 22, 25] are **DENIED**.

**I. BACKGROUND**

On December 5, 2019, Defendant pleaded guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) [Docs. 2, 6]. Based upon a total offense level of 27 and a criminal history category of VI, Defendant's guideline range was 92 to 115 months [Doc. 20, pg. 1]. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), Defendant and the United States agreed to a sentence at the bottom of the guideline range—92 months, followed by a three-year term of supervised release [Doc. 2, ¶ 6]. On January 5, 2021, the Court accepted the Plea Agreement and sentenced Defendant to the agreed-upon term of imprisonment [Doc. 19]. Defendant is currently housed at FCI Beckley with a projected release date of October 7, 2025. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 5, 2024). Defendant now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 22].

1

## II. ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing. In relevant part, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points. Specifically, status points are eliminated for defendants with six or less criminal history points and one status point, rather than two points, is applied for defendants with more than six criminal history points.

Defendant asserts that the amendment relating to status points supports a reduction of his term of imprisonment and overall sentence [Doc. 22, pg. 1]. At the time of sentencing, Defendant received two status points for committing the offense while under criminal justice sentences for Greene County General Sessions Court and Greene County Criminal Court [Doc. 7, ¶ 62]. If sentenced today, Defendant would receive one status point under U.S.S.G. § 4A1.1, resulting in 24 criminal history points rather than 25. But Defendant would still be in criminal history category VI and his guideline range would be the same. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

2

### III. CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 22, 25] are **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge